## GOULD *v.* MULLANPHY PLANING-MILL Co.

*(Circuit Court, E. D. Missouri, E. D.* September 28, 1887.)

COURTS — CONFLICTING STATE AND FEDERAL JURISDICTION — ASSIGNMENT FOR BENEFIT OF CREDITORS.

Pending proceedings in the state court under an assignment for the benefit of creditors, a creditor who was not a party to such proceedings, and who was a non-resident of the state in which the assignment was made, brought suit in the United States circuit court to determine the validity of a deed of trust made prior to the assignment, and covering a large amount of the assets assigned. The assignee had entered upon the duties of his trust, but had taken no steps to contest the deed. *Held* that, as the question of the validity of the deed was one which was so entirely separate and distinct from those questions involved in the general proceedings that it could properly be eliminated therefrom without prejudice to such proceedings, it was one which the United States court had jurisdiction to determine.

On Plea of Jurisdiction.

*Charles B. Stark,* for complainant.

*William R. Walker,* for respondents.

MILLER, J., *(orally.)* In the case of *Gould* v. *The Mullanphy Planing-Mill Company,* which was argued before us on Monday, we have come to the conclusion that the plea to the bill in the case is insufficient. The argument was that the plea set up the pendency of a proceeding in one of the state courts, which involved the same subject-matter that is in controversy in the present bill brought by Mr. Gould. These questions come up very often in regard to a class of cases which arise under the laws of the state, for the purpose of administering estates of decedents, and administering assignments, and, in general terms, cases in which a fund is to be administered in a court of law of the state, and to some extent that is the case here. An assignment was made by the planing-mill company, and the assignee undertakes to administer the trust imposed upon him by the assignment, and although it is not alleged that he has filed an inventory, he has given bond, and it is probable that he has entered upon the trust devolving upon him by the assignment. But as far as the case shows he has been inclined to recognize the validity and existence of a prior deed of trust which covers a very large amount of the assets assigned to him. As he has not taken any steps to contest that deed of trust, and as this present bill, filed by Mr. Gould, one of the creditors interested under the assignment, does contest it, and declares it to be void or invalid for reasons set out in the bill, it would seem that

he ought to have the right, and must have the right, certainly in some court, to have an inquiry made into the validity of that deed of trust, as he is a large creditor under the assignment. If the deed of trust is held void, it will increase his dividends very largely, and may make his debt entirely good, and if it is to be held valid it would diminish them. The argument that that is a matter which belongs to the state court in which the assignment is filed, is not conclusive or satisfactory. It very often happens in cases of the kind that I have alluded to that a single issue, a single question, can be eliminated from the general proceedings, (a question which might be adjudicated in the state court, if anybody were made the proper parties,) that makes such a distinct separate transaction, such a distinct principle of adjudication, that a party may bring suit in another court to have that question settled. Especially is that so of one who is not a party to a proceeding in the state court.

In this case Mr. Gould is no party to the proceeding in the state court. He has not been sued. He has not been served with any process. He is not so subjected to that court by any mode of proceeding that we know of. At least no such thing is stated either in the bill or in the plea. Mr. Gould is therefore at liberty to exercise any of the rights which he may have to contest that deed of trust covering the property out of which he expects his debt to be made, and as he could go to any other court in the state which had competent jurisdiction of the subject-matter, so, being a citizen of another state than the assignee and the other parties to this suit, he has a right to bring that suit and have that question determined in the courts of the United States. The inconvenience, it is said, of having two courts administering the same fund at the same time has been considered in this class of cases, and it is not insuperable. This court will consider when it comes to render a decree, how far it will go. It is not necessary to decide now that the court will take that fund out of the hands of the assignee, or, the assignee being a party, will command him to pay over to Mr. Gould any more or any less money than he would otherwise; but it is perfectly competent for this court to make a decree, having all the parties before it,—having the assignee representing all the other creditors, and having the planing-mill company, and he himself being, before it,—it is perfectly competent for this court to decide whether that original deed of trust is valid or void. When that decision is made, it binds all that were parties to the suit; it therefore binds the assignee, and the idea of conflicting orders of the court is not to be conceived. When that decision is made, the assignee will file with the court, which it is said has some kind of jurisdiction now,—I don't know what it is,—he will file the decree of this court, holding that that deed of trust is valid, or holding that it is void and set it aside; and that decree will bind the subsequent proceedings in the state court in the administration of the fund.

For these reasons the plea is held to be bad, and is overruled.